UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MWALIMU DEAN, Individually and For Others Similarly Situated,<br><br>v.<br><br>ATLAS OIL TRANSPORTATION, INC. | Case No. 2:20-cv-13237<br><br>Class and Collective Action<br><br>Fed.R.Civ.P. 23 / 29 U.S.C. § 216(b) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Atlas Oil Transportation, Inc. (Atlas) failed to pay certain oilfield workers overtime as required by federal and state law.

2. These oilfield workers regularly work more than 80 hours a week.

3. But Atlas does not pay them overtime.

4. Instead, Atlas pays these workers a flat amount for each day worked in a week, regardless of the total number of hours worked in a week.

5. Because these workers are entitled to "time and a half" their regular rates for all hours worked in excess of 40 in a workweek, Atlas's day rate pay plan violates federal and state overtime laws.

6. Atlas subjected oilfield worker Mwalimu Dean (Dean) to its day rate pay plan.

7. Dean brings this class/collective action to recover the unpaid overtime and other damages Atlas owes to the oilfield workers it subjected to its day rate pay plan (collectively, the "Day Rate Workers").

### JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. The Court also has original jurisdiction under the Class Action Fairness Act (CAFA). 28 U.S.C. § 1332(d).

10. In addition, or alternatively, the Court has supplemental jurisdiction over any state law claims and classes pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District and Division.

12. Atlas is headquartered, and maintains its principal places of business, in this District and Division.

## PARTIES

13. Dean has been working for Atlas since at least July 2018.

14. Atlas employed Dean as an "FAS Operator."

15. Dean's consent to be a party plaintiff is attached.

16. Dean brings claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 (as implemented by the Colorado Minimum Wage Order) (CMWA), the New Mexico Minimum Wage Act (NMMWA), NMSA § 50-4-19, and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41 (PMWA).

17. Dean brings an FLSA collective action on behalf of himself and all other Day Rate Workers paid according to Atlas's day rate pay plan.

18. Atlas paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek.

19. The collective of similarly situated employees is defined as:

> **All oilfield workers who worked more than 40 hours in a week while being paid according to Atlas's day rate pay plan (the "FLSA Day Rate Workers").**

20. Dean also seeks class certification of an additional class under Fed. R. Civ. P. 23 under the CMWA as follows:

> **All oilfield workers subject to the CMWA who worked more than 40 hours in a week while being paid according to Atlas's day rate pay plan (the "Colorado Day Rate Workers").**

21. Dean also seeks class certification of an additional class under Fed. R. Civ. P. 23 under the NMMWA as follows:

> **All oilfield workers subject to the NMMWA who worked more than 40 hours in a week while being paid according to Atlas's day rate pay plan (the "New Mexico Day Rate Workers").**

22. Dean also seeks class certification of an additional class under Fed. R. Civ. P. 23 under the PMWA as follows:

> **All oilfield workers subject to the PMWA who worked more than 40 hours in a week while being paid according to Atlas's day rate pay plan (the "Pennsylvania Day Rate Workers").**

23. The FLSA, Colorado, New Mexico, and Pennsylvania Day Rate Workers are referred to collectively as the Day Rate Workers.

24. The Day Rate Workers can be readily ascertained from Atlas's records.

25. Atlas may be served with process by serving its registered agent.

### FLSA COVERAGE

26. At all relevant times, Atlas has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

27. At all relevant times, Atlas has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

28. That enterprise includes, but is not limited to, the Simon Group Holdings Company.

29. On its website, Atlas states it has expanded "its operations to 49 states."

30. At all relevant times, Atlas has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

31. At all relevant times, Atlas has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

32. In each of the past 3 years, Atlas's annual gross volume of sales has exceeded $1,000,000.

33. At all relevant times, Dean and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

**FACTUAL ALLEGATIONS**

34. Atlas is "the inaugural Simon Group Holdings company."

35. Founded in 1985, "Atlas offers single-source solutions for fuel, transportation and logistics and is one of the largest fuel distributors in the country, delivering over 1 billion gallons of fuel annually to customers in 49 states."

36. In addition, Atlas is "engaged in transportation logistics and fueling including bulk, fleet, event, onsite, emergency response and oil field services."

37. A good portion of Atlas's workforce—including Dean—works in the oilfield.

38. Dean was part of Atlas's oilfield "Travel Team."

39. Atlas's Travel Team includes oilfield workers such as FAS Operators and Frac Techs.

40. Travel Team workers are employed in multiple states during the course of a year.

41. As an Atlas employee, Dean worked more than 40 hours in at least one in Colorado, New Mexico, Pennsylvania, and Texas.

42. For a portion of his employment, Atlas paid Dean—and other oilfield workers like him—by the hour.

43. Atlas knew Dean was working more than 40 hours a week because paid him for working more than 40 hours in a week.

44. Dean and the Day Rate Workers worked in accordance with the schedule set by Atlas.

45. Atlas's records reflect the fact Dean and the Day Rate Workers work far in excess of 40 hours in certain workweeks.

46. Atlas states an "FAS Operator must be willing to work long days, must realize we are a 24/365 day fuel dispensing company, must be willing to work a 5 and or 6 day work week, must be willing to work in all types of weather conditions, must be willing to be outside in weather day and night and willing to work night shifts."

47. Despite working Dean more than 40 hours a week, Atlas no longer pays him overtime.

48. Instead, Atlas changed the way it paid Dean and the Day Rate Workers.

49. In particular, Atlas started paying these workers a set amount for each day worked regardless of the total hours worked in a work week ("day rate pay plan").

50. During the pay period ending August 29, 2020, Dean worked all 14 days.

51. Atlas paid him $348 a day for each day worked.

52. Even if he had only worked 8 hours a day, Dean would have worked more than 40 hours in each week.

53. But Atlas generally scheduled Dean for at least 12 hours a day while he was on site (though he often worked more).

54. Atlas knew Dean was working 84+ hours in certain workweeks.

55. Dean's work schedule is typical of the Day Rate Workers.

56. But despite knowing Dean and the Day Rate Workers were working overtime, Atlas did not (and does not) pay overtime under its day rate pay plan.

57. Dean and the Day Rate Workers do not receive a salary as required to be exempt under the FLSA, CMWA, NMMWA, and/or PMWA.

58. Atlas's policy of paying Dean and the Day Rate Workers a day rate with no overtime compensation violates the FLSA, CMWA, NMMWA, and PMWA because it deprives Dean and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

59. Atlas knew, or showed reckless disregard for whether, the Day Rate Workers were entitled to overtime under the FLSA, CMWA, NMMWA, and PMWA.

60. Atlas failed to pay Dean and the Day Rate Workers overtime.

61. Atlas knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Dean and the Day Rate Workers of overtime.

### FEDERAL CAUSE OF ACTION: FLSA VIOLATION

62. Atlas's day rate pay plan violates the FLSA because Dean and the other Day Rate Workers did not receive overtime for hours worked in excess of 40 in a week.

63. Atlas knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

64. Atlas's failure to pay overtime compensation to the Day Rate Workers was not based on any reasonable interpretation of the law.

65. Nor was Atlas's decision not to pay its Day Rate Workers overtime made in good faith.

66. Accordingly, Dean and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

**STATE LAW CAUSES OF ACTION: CMWA, NMMWA, & PMWA VIOLATIONS**

67. Dean brings his CMWA, NMMWA, and PMWA claims as Rule 23 class actions.

68. The conduct alleged violates the CMWA, NMMWA, and PMWA.

69. At all relevant times, Atlas was subject to the requirements of the CMWA, NMMWA, and PMWA

70. At all relevant times, Atlas employed Dean and other Day Rate Workers as "employees" within the meaning of the CMWA, NMMWA, and PMWA.

71. The CMWA, NMMWA, and PMWA all required Atlas to pay employees subject to those acts at 1 and ½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

72. Dean and the Day Rate Workers subject to the CMWA, NMMWA, and PMWA are entitled to overtime pay under those acts.

73. Dean and the Colorado Day Rate Workers seek unpaid overtime in amount equal to 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, pre- and post-judgment interest, all available compensable and penalty damages, and such other legal and equitable relief as the Court deems just and proper.

74. Dean and the New Mexico Day Rate Workers seek unpaid overtime equal to 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, plus interest, and in an additional amount equal to twice their unpaid wages.

75. Dean and the Pennsylvania Day Rate Workers seeks unpaid overtime 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, pre- and post-judgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

76. Dean and the Day Rate Inspector also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Atlas, as provided by the CMWA, NMMWA, and/or PMWA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

77. Dean brings a collective action under the FLSA, and class actions under CMWA, NMMWA, and PMWA.

78. Atlas imposed its day rate pay plan on the Day Rate Workers.

79. Atlas's day rate pay plan violates the FLSA, CMWA, NMMWA, and PMWA.

80. Dean and other Day Rate Workers were paid in the same manner (a day rate with no overtime) for performing similar work over similar workweeks.

81. Based on his experiences with Atlas, Dean knows Atlas's day rate pay plans was imposed on the Day Rate Workers.

82. The Day Rate Workers are similarly situated in all relevant respects.

83. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

84. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

85. The day rate pay plan Atlas imposed on Dean was imposed on all Day Rate Workers.

86. Like Dean, the other Day Rate Workers are denied overtime when they work more than 40 hours per week.

87. The overtime owed to Dean and the Day Rate Workers will be calculated using the same records and the same formula.

88. Dean's experiences are therefore typical of the experiences of the Day Rate Workers.

89. Dean has no interest contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

90. Like all Day Rate Workers, Dean has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

91. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

92. Absent a class or collective action, many Day Rate Workers will not obtain redress of their injuries, and Atlas will reap the unjust benefits of violating the FLSA, CMWA, NMMWA, and PMWA.

93. Further, even if some of the Day Rate Workers could afford individual litigation against Atlas, it would be unduly burdensome to the judicial system.

94. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers, as well as provide judicial consistency.

95. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

96. Dean knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

97. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Atlas's records and there is a common nucleus of liability facts.

98. Consistent with Atlas's illegal day rate policy, Dean and the Day Rate Workers were not paid overtime when they worked more than 40 hours in a workweek.

99. Atlas is aware, or should have been aware, that the FLSA required it to pay Dean and the Day Rate Workers overtime premiums for hours worked in excess of 40 in a workweek.

100. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of federal and state overtime laws who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

101. The other Day Rate Workers are readily identifiable through Atlas's records.

102. Dean retained counsel who are experienced in the prosecution of wage and hour class actions and possess the necessary resources to pursue this litigation.

**RELIEF SOUGHT**

Wherefore, Dean prays for:

(a) Certifying a collective action and notifying the Day Rate Workers of their opportunity to join the collective action;

(b) All unpaid overtime and liquidated damages due to Dean and the Day Rate Workers under the FLSA;

(c) Class certification of all Colorado, New Mexico, and Pennsylvania Day Rate Workers under Federal Rule of Civil Procedure 23;

(d) Appointing Dean's counsel as Class Counsel;

(e) All unpaid overtime due to Dean and the Colorado Day Rate Workers under the CMWA;

(f) All unpaid overtime and treble damages due to Dean and the New Mexico Day Rate Workers under the NMMWA;

(g) All unpaid overtime due to Dean and the Pennsylvania Day Rate Workers under the PMWA;

(h) All attorney's fees, expenses, and costs of this action;

(i) Pre- and post-judgment interest at the highest rates allowed by law; and

(j) All other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**
_____

Richard J. (Rex) Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

STURM LAW PLLC
Charles Sturm
712 Main Street, Suite 900
Houston, Texas 77002
Telephone: (713) 955-100
Facsimile: (713) 955-1078
csturm@sturmlegal.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

| | |
|---|---|
| IN RE: OVERTIME ACTION | COLLECTIVE ACTION |
| ATLAS OIL COMPANY | **NOTICE OF CONSENT** |

I consent to be a party plaintiff in an action to collect unpaid wages arising out of my work for Atlas Oil Company.

_____
Signature

__Mwalimu Imani Dean_____
Full Name

__11/18/2020_____
Date